**NORTON, LILLY & COMPANY, INC., Plaintiff,**

v.

**CAPE LINES, LTD., et al. Defendants.**

Nos. 82 Civ. 7819(RJW), 82 Civ. 7847(RJW), 82 Civ. 8002(RJW), 82 Civ. 8047(RJW) and 82 Civ. 8096(RJW).

United States District Court, S.D. New York.

Dec. 23, 1985.

## MEMORANDUM DECISION AND ORDER

ROBERT J. WARD, District Judge.

On November 22, 1982, the South African Supreme Court ordered the provisional winding up of Cape Lines, Ltd. ("Cape Lines"), a South African shipping company. Ceres Corporation ("Ceres"), a creditor of Cape Lines, promptly filed suit in the district court for the Southern District of New York, and the following day attached certain assets held by Norton, Lilly & Company, Inc. ("Norton Lilly"), formerly an agent of Cape Lines. *Ceres Corp. v. Cape Lines, Ltd.*, No. 82 Civ. 7819(RJW) (S.D.N.Y.). Norton Lilly then commenced an interpleader action against Cape Lines and its creditors on December 3, 1982. *Norton, Lilly & Company, Inc. v. Cape Lines, Ltd.*, No. 82 Civ. 8096(LPG) (S.D.N.Y.).

That interpleader action, together with three other related cases, *Clipper Maritime Ltd. of Monrovia v. Cape Lines, Ltd.,* No. 82 Civ. 7847(WK) (S.D.N.Y.); *Partenreederei M.S. Franz Xaver Kogel & Josef Roth Reederei v. Cape Lines, Ltd.,* No. 82 Civ. 8002(CSH) (S.D.N.Y); and *Green Mast Shipping, S.A. v. Cape Lines, Ltd.,* No. 82 Civ. 8047(RWS) (S.D.N.Y.), were reassigned to this Court on February 25, 1983.

On January 20, 1983, Selwyn Trakman, the liquidator appointed by the South African court, filed an action ancillary to the South African proceeding with the Bankruptcy Court for the Southern District of New York under 11 U.S.C. § 304. In the suit, Trakman requested, among other relief, a stay against actions by Cape Lines creditors and an order that Norton Lilly turn over to Trakman the assets of Cape Lines that it held so that they might be disbursed to Cape Lines creditors within the confines of the South African winding up procedures. This Court stayed the related actions pending a decision by the Bankruptcy Court. In a memorandum order dated October 20, 1983, the Bankruptcy Court in turn stayed the liquidator's petition on the ground that "much if not all of the relief sought by the [liquidator] is presently available to him in the interpleader action now before the district court." *In re Trakman,* 33 B.R. 780 (Bankr.S.D.N.Y. 1983).

Following the Bankruptcy Court stay, Cape Lines moved this Court for partial summary judgment. In an order dated October 8, 1985, the Court construed that application as a motion brought pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and Rule 12 of the Local Rules for Admiralty and Maritime Claims for an order vacating the attachment by Cape Lines creditors of the assets held by Norton Lilly, and referred the matter to the Honorable Ruth V. Washington, United States Magistrate, for a hearing on the validity of the attachment. Cape Lines subsequently moved both to vacate the various maritime attachments and to dismiss the interpleader action on the ground of comity. In a third motion, Cape Lines also moved to refer the matter to the Bankruptcy Court to avoid as preferences certain transfers by Norton Lilly and to determine whether the maritime attachments constitute voidable preferences.

A recent decision of the Second Circuit Court of Appeals suggests that the pending motions should be referred to the Bankruptcy Court for consideration within the scope of an ancillary proceeding under 11 U.S.C. § 304. In *Cunard Steamship Co., Ltd. v. Salen Reefer Services, A.B.,* 49 B.R. 614 (S.D.N.Y.1985), *aff'd,* 773 F.2d 452 (2d Cir.1985), Judge Sweet had extended comity to a Swedish bankruptcy proceeding. Since Swedish law provides for an attendant stay of creditor actions, the court vacated an attachment obtained in the United States by a judgment creditor against the bankrupt. The Second Circuit expressly affirmed the extension of comity by the district court to the Swedish stay of creditors. The circuit court nonetheless strongly suggested that, because the defendant had requested relief pursuant to § 304, and because the district court had considered that section in reaching its decision, "an ancillary proceeding pursuant to section 304 [of the Bankruptcy Code] would have been a preferred remedy." 773 F.2d at 455. *Cf. The Drexel Burnham Lambert Group Inc. v. Galadari,* 777 F.2d 877, 881 (2d Cir.1985) (defendant neither brought § 304 proceeding nor requested relief under it).

Liquidator Trakman originally filed a § 304 proceeding in the Bankruptcy Court for this district. In light of the Second Circuit's express preference that a judge with experience in bankruptcy law adjudicate bankruptcy questions, including that of whether to extend comity to a foreign stay of proceedings, and because a § 304 proceeding is pending in the Bankruptcy Court for the Southern District of New York, this Court hereby refers the related actions captioned above to the Honorable Burton R. Lifland of that court. The referral is for all purposes, including consideration of the various motions attacking the propriety of Norton Lilly's interpleader action and the validity of certain maritime

**10**

attachments, within the scope of the § 304 proceeding originally commenced there by Cape Lines' South African liquidator and now on the suspense docket of that court.

Accordingly, Cape Lines' motion for an order transferring the matter to the Bankruptcy Court is denied as moot. Cape Lines' remaining motions are referred to the Bankruptcy Court along with the underlying actions for consideration in the § 304 proceeding pending there.

It is so ordered.